## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUDY QUALES | : | No. 3:10cv2174 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| BOROUGH OF HONESDALE; | : | |
| DONALD BISHOP; | : | |
| BOROUGH OF HONESDALE POLICE | : | |
| DEPARTMENT; and | : | |
| KEITH COLUMBO, | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Before the court is defendants' motion to dismiss.  Having been fully briefed and argued, the matter is ripe for disposition.

**Background**

This case arises from police response to reports of a domestic disturbance at the home of Plaintiff Judy Quales's paramour, Anthony Taylor.  (Complaint (Doc. 1) (hereinafter "Complt.") at ¶ 15).  Plaintiff alleges that Anthony Taylor raped her on July 16, 2009.  (Id. at ¶ 14).  The plaintiff and Taylor had an abusive two-year relationship in which Taylor verbally, physically and emotionally abused Quales.  (Id.).

On July 18, 2009, plaintiff went to Taylor's home.  (Id. at ¶ 15).  The two had an argument, and officers from Defendant Honesdale Police Department were called to Taylor's residence.  (Id.).  Police who arrived on the scene advised plaintiff to stay

away from Taylor's home. (Id.). Plaintiff immediately left the scene. (Id.).

Shortly after Plaintiff left Taylor's residence, Taylor called her, saying he needed his

keys. (Id.). The keys, Taylor said, were in plaintiff's vehicle. (Id.). Plaintiff initially

refused to return to Taylor's residence and return the keys, but later agreed to drop

the keys off in Taylor's mailbox. (Id.). She was too frightened to go onto the

property itself. (Id.).

Plaintiff then drove towards Taylor's property, parked her vehicle, and walked

down the sidewalk in front of Taylor's neighbors' home. (Id. at ¶ 16). She placed the

keys in her mailbox and walked back to her car. (Id.). Plaintiff got in the car and

drove towards the hospital, intending to report the alleged rape. (Id.).

Plaintiff traveled five blocks, driving at the posted speed limit. (Id.).

Defendants Bishop and Columbo, Honsedale police officers, then stopped her. (Id.).

Following the officers' directions, plaintiff pulled her car to the side of the road,

stopped it, and remained in the vehicle. (Id.). The officers directed her to put her

hands outside the window, and plaintiff complied. (Id. at ¶ 17). Plaintiff then

followed the officers' order to exit the vehicle. (Id.). Officers then directed plaintiff to

walk toward their vehicle, which she did. (Id.). The officers asked her "are you Judy

Quales?" She replied, "Yes," and then told the officers "I was raped." (Id.).

The officers replied to this claim by saying "'we don't care, you are under

arrest for trespassing.'" (Id. at ¶ 18). They ordered plaintiff to place her hands on

top of the police vehicle, and plaintiff did so. (Id.). The defendants handcuffed

plaintiff, and one of the two grabbed the back of her head and smashed it onto the hood of the police car.  (Id.).  Plaintiff suffered a concussion.  (Id.).  This "violent and forceful" assault caused the right handcuff to come lose, and the police officers were forced to replace the cuff after the assault.  (Id.).

After they re-handcuffed her, Defendants Bishop and/or Columbo knocked plaintiff to the ground so hard that gravel became lodged in her knees.  (Id. at ¶ 19).  The officers then placed the hood of plaintiff's sweatshirt so that she could not see anything.  (Id.).  They then drove plaintiff to the police department.  (Id.).

Plaintiff remained at the police department for around two hours.  (Id. at ¶ 20).  Officers then took her to the Pennsylvania State Police.  (Id. at ¶ 20).  The State Police held plaintiff for nearly thirty minutes and then had her arraigned.  (Id.).  A Magistrate set plaintiff's bail at twenty thousand dollars.  (Id.).

After arraignment, plaintiff was taken to the Wayne County Prison.  (Id. at ¶ 21).  The correctional officer processing plaintiff noticed cuts and bruises on her and asked how they occurred.  (Id.).  Plaintiff told the officer that she had been raped two days earlier and later beaten by Honesdale police officers.  (Id.).  Pictures were taken of plaintiff's body and she was made to shower.  (Id.).  She then went to Wayne Memorial Hospital and was seen by a doctor.  (Id.).  The examination indicated that plaintiff suffered abrasions, cervical strain, a concussion, and contusions.  (Id.).  Upon release from the hospital, plaintiff returned to prison.  (Id. at ¶ 22).  She remained at the Wayne County Prison from July 18 to July 20, 2009.

(Id.).

On October 21, 2010, plaintiff filed a five-count complaint. Count I alleges an illegal seizure in violation of the Fourth Amendment, as well as a due-process violation under the Fourteenth Amendment. Count II alleges that plaintiff's arrest was an unreasonable use of force in violation of the Eighth Amendment and a violation of her due process rights under the Fourteenth Amendment. Count III is a state-law assault claim. Count IV is a state-law battery claim. Count V is a state-law intentional infliction of emotional distress claim.

Plaintiff served the complaint on defendants, who then filed the instant motion. The parties briefed the issues and the court held argument, bringing the case to its present posture.

**Jurisdiction**

Plaintiff brings her case pursuant to 42 U.S.C. § 1983. As such, the court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Legal Standard**

Defendants seek dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). When a defendant files a motion pursuant to Rule 12(b)(6), all well-pleaded allegations of the complaint must be viewed as true and in the light

most favorable to the non-movant to determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." <u>Colburn v. Upper Darby Township</u>, 838 F.2d 663, 665-66 (3d Cir. 1988) (citing <u>Estate of Bailey by Oare v. County of York</u>, 768 F.3d 503, 506 (3d Cir. 1985), (quoting <u>Helstoski v. Goldstein</u>, 552 F.2d 564, 565 (3d Cir. 1977) (per curium)).  The court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted).  The court does not have to accept legal conclusions or unwarranted factual inferences.  <u>See</u> <u>Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc.</u>, 450 F.3d 130, 133 (3d Cir. 2006) (citing <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" a standard which "does not require 'detailed factual allegations,'" but a plaintiff must make "'a showing, rather than a blanket assertion, of entitlement to relief' that rises 'above the speculative level.'" <u>McTernan v. City of York</u>, 564 F.3d 636, 646 (3d Cir. 2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007)).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570).  Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the conduct alleged." Id.

**Discussion**

Defendants seek dismissal of the complaint on several grounds.  The court will address each in turn.

### 1. Claim Against the Honesdale Police Department

Defendants first argue that plaintiff's claim against the Honesdale Police Department Should be dismissed.  The Police Department is a unit of the Borough of Honesdale and any claims against the department should be subsumed under the claims against the Borough.  The plaintiff agrees that the Police Department is not a proper party and that the court should dismiss the Department from the case.  The court will therefore grant the motion on this ground and dismiss the Police Department from the case.

### 2. Monell Claim

Under Monell v. New York City Department of Social Services, 438 U.S. 658 (1978), a plaintiff may not bring a claim against a municipality on the basis of *respondeat superior* liability.  Defendants argue that plaintiffs have not alleged sufficient facts to support a claim of municipal liability.  A plaintiff, the parties agree, must establish that her rights were violated by officers acting pursuant to an official policy or custom.  Here, defendants insist, plaintiff has not plead any facts that would entitle her to relief, but has instead simply recited the elements of a Monell claim. The claim is merely speculative and does not meet the pleading standard articulated

in Iqbal.  Plaintiff simply alleges one incident of excessive force and contends that a

policy and custom was the cause of that single incident.  Caselaw establishes that a

single incident is not sufficient to prove a policy or custom.

Under Section 1983 *respondeat superior* liability is unavailable, and torts

committed by employees do not make a municipality liable:  "a local governing body

can be held liable only for an official policy or custom."  San Filipo v. Bongiovanni, 30

F. 3d 424, 445 (3d Cir. 1994).  Under the standard first articulated in Monell, "local

governing bodies . . . can be sued directly under §1983 . . . where, as here, the

action that is alleged to be unconstitutional implements or executes a policy

statement, ordinance, regulation, or decision officially adopted and promulgated by

that body's officers."  Monell, 436 U.S. at 658.  Liability exists when "'there is a direct

causal link between a municipal policy or custom and the alleged constitutional

deprivation.'"  Brown v. Muhlenberg Twp., 269 F.3d 205, 214 (3d Cir. 2001) (quoting

City of Canton v. Harris, 489 U.S. 378, 385 (1989)).  An official policy or  "custom"

creates liability when that policy or custom constitutes a "practice . . . so widespread

as to have the force of law."  Id. at 404.  In the context of a motion to dismiss a

plaintiff "must allege that a 'policy or custom' of [the defendants] was the 'moving

force' behind a violation of his . . . rights."  Grayson v. Mayview State Hosp., 293

F.3d 103, 107 (3d Cir. 2002) (citing Board of the County Commissioners of Bryan

County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997)).

A municipality can also be liable for failing to provide training to employees

7

that caused a violation of constitutional rights.   The Supreme Court has held that "[o]nly where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." City of Canton v. Harris, 489 U.S. 378, 389 (1989).  Further, "[w]hen a plaintiff alleges that a municipality has not directly inflicted an injury, but has caused an employee to do so, stringent standards of culpability and causation must be applied to ensure that the municipality in a § 1983 suit is not held liable solely for the conduct of its employee." Reitz v. County of Bucks, 125 F.3d 139, 145 (3d Cir. 1997).   These strict standards exist because "in enacting § 1983, Congress did not intend to impose liability on a municipality unless *deliberate* action attributable to the municipality itself is the 'moving force' behind the plaintiff's deprivation of federal rights." Brown, 520 U.S. at 399.

The plaintiff alleges that the municipal defendant failed "adequately [to] train their employees and as a result of a custom or policy of condoning the use of excessive force and/or condoning seizures without any probable cause." (Complt. at ¶ 24).  Moreover, plaintiff avers that defendants "[acted] pursuant to a policy or custom of the Honesdale Police Department and pursuant to training and instruction received" from the defendant municipality, "or as a result of the lack thereof." (Id. at

8

¶ 24).[1]  The plaintiff also alleges that the municipal defendants failed to provide

proper training "in police procedures under the laws of the Commonwealth of

Pennsylvania which provide that police officers are not to seize citizens and

improperly detain them." (Id. at ¶ 25).  Further, the municipality "failed to insure that

the individual defendants were properly trained when they effectuated seizures."  (Id.

at ¶ 25).  The Borough, plaintiff insists, also "had a policy or custom which allowed

police officers to be hired and patrol the Borough without proper training" and

"condoning the illegal use of force," thus leading to a violation of citizens'

constitutional rights.  (Id. at ¶ 26).

The court finds these allegations sufficient to survive the instant motion to

dismiss.  If plaintiff can prove that defendants had policies or customs that condoned

the use of excessive force in effectuating seizures of suspects, the municipality could

be liable.  Likewise, if the plaintiff can prove that the municipality did not provide

training to police officers on procedures to avoid the use of excessive force in

arresting suspects, she could prevail on her excessive-force claim.  These

allegations are not merely a recitation of the elements of a Monell claim, but point

towards specific failings in training that led to the specific violation of constitutional

rights here alleged.  The allegations in the complaint are more than mere

speculation, and make the possibility that plaintiff suffered a deprivation of her rights

---

[1]The complaint actually has two paragraphs numbered 24.  This allegation is contained in the second of those paragraphs.

plausible. Plaintiff is entitled to discovery to determine whether her allegations of inadequate training and corrupt policy are true. The court will therefore deny the motion on this point.

### 3. Fourth and Fourteenth Amendment False Arrest Claims

The defendants next contend that plaintiff's Fourth Amendment false arrest claim should be dismissed because a false arrest or false imprisonment claim requires that the criminal prosecution terminate in plaintiff's favor. Here, defendants point out, plaintiff has not alleged that she was acquitted of the charges against her, or that the charges were dropped. As such, she cannot bring a false-arrest claim. Plaintiff also cannot bring a Fourteenth Amendment claim under these circumstances, since the Fourteenth Amendment due process claim alleges the same violations as the Fourth Amendment claim. The Fourth Amendment–the more specific form of relief–is the proper vehicle for this claim. Plaintiff agrees that she cannot bring a claim premised on false arrest. At the same time, however, plaintiff argues that she can still bring a claim for excessive force in arresting her. The court agrees that plaintiff's claim under these circumstances is properly understood as a Fourth-Amendment excessive-force claim. As such, the court will grant the motion to dismiss as it relates to plaintiff's false arrest claim and plaintiff's Fourteenth Amendment claim.

### 4. Eighth Amendment Excessive Force Claim

The defendants also argue that plaintiff's excessive force claim brought pursuant to the Eighth Amendment should be dismissed. Plaintiff's claim of excessive force arises in the context of an arrest, not the actions of prison officials or officers. Under those circumstances, the claim is properly addressed by the Fourth Amendment. The Eighth Amendment therefore does not apply to this case. The Fourteenth Amendment also does not provide an independent source for this claim, and should be dismissed. Plaintiff agrees that she does not have an Eighth Amendment claim under these circumstances. She contends that she characterized the claim as under the Eighth Amendment in error, and really meant to bring the claim as a Fourth Amendment excessive force claim. She seeks leave to do so. The court will grant that leave. The plaintiff's claim brought pursuant to the Eighth Amendment shall be dismissed. The plaintiff's excessive force claim, however, shall be considered as a Fourth Amendment claim and proceed to discovery.

### 5. State-Law Claims Against the Municipality

The defendants claim that plaintiff's state-law tort claims against the municipality should be dismissed, as the municipality enjoys sovereign immunity from such actions. The Pennsylvania Tort Claims Act, 42 Pa. C.S. § 8541, waives sovereign immunity only for negligent actions. Battery and assault are intentional torts, and thus immunity applies. Plaintiff agrees that these claims can proceed solely against the individual officers. The court will therefore grant the motion as it relates to the Borough.

### 6. Punitive Damages

Finally, the defendants seek dismissal of plaintiff's claim for punitive damages against the municipality.  Punitive damages may not be awarded against governmental entities or a state actor in his or her official capacity.  As such, plaintiff cannot recover punitive damages from the Borough.  Plaintiff concedes that no punitive damages are recoverable against the municipality.  The court will therefore grant this portion of the motion as well.

**Conclusion**

As explained above, the court will grant the motion to dismiss in part and deny the motion in part.  The court will grant the motion as it relates to plaintiff's claims brought pursuant to the Eighth Amendment and the Fourteenth Amendment.  The court will also grant the motion as it relates to the Honesdale Police Department. The Department will be dismissed from the case.   Plaintiff's claims brought pursuant to the Fourteenth Amendment will be dismissed.  Likewise, the court will dismiss claims against the municipality brought pursuant to Pennsylvania law, and dismiss any claims for punitive damages against that municipality.  The court will deny the motion in all other respects.  The claims remaining in the case, therefore, will be a Fourth Amendment claim for excessive force against the police officers, the state-law claims for assault and battery against the individual defendants, punitive damages claims against the individual defendants and the federal Monell claim against the municipality.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUDY QUALES | : | No. 3:10cv2174 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| BOROUGH OF HONESDALE; | : | |
| DONALD BISHOP; | : | |
| BOROUGH OF HONESDALE POLICE | : | |
| DEPARTMENT; and | : | |
| KEITH COLUMBO, | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 22nd day of July 2011, defendants' motion to dismiss

(Doc. 4) is hereby **GRANTED** in part and **DENIED** in part, as follows:

1. The motion is **GRANTED** with respect to plaintiff's claims against the

Borough of Honesdale Police Department.  The Clerk of Court is directed to dismiss

the Police Department from the case;

2. The motion is **GRANTED** with respect to plaintiff's state-law claims against

the Borough of Honesdale;

3. The motion is **GRANTED** with respect to plaintiff's claim for punitive

damages against the Borough of Honesdale;

4. The motion is **GRANTED** with respect to plaintiff's claims brought pursuant

to the Eighth Amendment and the Fourteenth Amendment; and

5. The motion is **DENIED** in all other respects.

.

                                                **BY THE COURT:**

                                                **s/ James M. Munley**
                                                **JUDGE JAMES M. MUNLEY**
                                                **UNITED STATES DISTRICT COURT**